## Sullivan v. Green's Administrators.

(Decided June 11, 1929.)

C. C. GRASSHAM for appellant.

BEN S. ADAMS for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

W. S. Green died on March 11, 1928, and thereafter C. E. Jennings and Roscoe Reed were appointed administrators. Green was a contractor by trade, and had engaged in that business in Paducah for several years. In November, 1926, he made a contract with the appellant, Birdie Sullivan, whereby he agreed to erect a residence upon a certain lot in the city of Paducah at Twenty-First and Clark streets. In September, 1927, he made another contract with appellant whereby he agreed to erect a residence on another lot belonging to her in the city of Paducah, in Arcadia subdivision. After the qualification of the appellees as administrators, they instituted suit against appellant alleging as the basis of their cause of action that the contract price for the erection of the house at Twenty-First and Clark streets was $5,200, and that $3,600 only had been paid by appellant, leaving due a balance of $1,600; that their decedent, at the request of appellant, paid off for her ten promissory notes for the sum of $75 each which had been executed by her to Mrs. Murrell for the lot on which the house at Twenty-First and Clark streets was erected, and that the sum which he paid for her constituted a lien against the lot and amounted at the time to $781.50, and that this sum had never been repaid by appellant; that the contract price for the erection of the house in Arcadia subdivision was $4,917.36,

and that only $3,000 had been paid by the appellant, leaving due $1,917.36. The total amount claimed in the petition, therefore, was $4,298.88 with interest from April 27, 1927.

In her answer appellant, while admitting that she made a contract with Green for the erection of the house at Twenty-First and Clark streets, denied that the contract price was $5,200, or any sum in excess of $3,200, which she alleged that she had fully paid; she admitted that Green paid the ten notes for her, but alleged that she had repaid him prior to his death; she denied that the contract price for the house in Arcadia subdivision was $4,917.36, or any sum greater than $4,400, which sum she alleged that she had fully paid. By way of counterclaim she alleged that Green did not complete his contract for the erection of the house in Arcarda subdivision, in that he failed to complete the painting of the house, and that he had left certain parts of the house unfinished, and that it would cost $225 to finish the work.

The first question confronting us is whether appellees produced any competent evidence to establish that the contract price for the erection of the houses was as claimed by them. It is admitted by appellees that appellant paid as much on the cost of erecting the house at Twenty-First and Clark streets as the sum which she contends was the contract price. There is no question that she paid to Green the sum of $3,380 out of money which was obtained through a loan from an insurance company on this particular contract, and that she executed a mortgage for $1,048.45, which was accepted in part payment of any amount that she was owing to Green. It is shown that the $3,380 and the mortgage for $1,048.45 were received by Green, and it is claimed by appellant that the two sums made up the full contract price for the Twenty-First and Clark street property and the amount which had been advanced by Green to pay the Murrell notes. It is apparent at once that appellees were not entitled to recover on these two causes of action alleged in the petition unless they established, by the proof, that the contract price for the erection of that house was $5,200, and unless appellant failed to show that the money advanced to pay off the Murrell notes had been repaid. Considering first the Twenty-First and Clark street property, we will determine whether there was any evidence of a probative nature to establish that appellant promised and agreed to pay to Green $5,200

for the construction of that house. We have examined the record carefully, and there is no direct evidence to uphold the contention of appellees. Omitting entirely the evidence of appellant without deciding whether it was competent, or incompetent, her contention is supported by her mother, and there are circumstances strongly tending to show that a satisfactory settlement had been made concerning the erection of this house. Mr. Green lived for almost two years after this contract was completed, and there is no evidence that he made any particular claim that appellant was indebted to him by reason of the transactions growing out of the erection of this house. The evidence is fragmentary, and there is nothing satisfactorily established which would show any agreement on the part of appellant to pay $5,200 for the erection of the house. The burden was on appellees to establish the contract price if it was more than admitted by the answer. The chancellor, familiar with all of the witnesses, and knowing local conditions and surrounding circumstances, reached the conclusion that appellees had failed to show a right of recovery of any balance which they claimed was due on the contract for the erection of the Twenty-First and Clark street house. We would not be justified in holding that his judgment on this point is against the weight of the evidence. All of the testimony to support the claim of appellees on this point is indefinite and uncertain, and it cannot be said that it induces conviction that the contract price for the erection of this house was as claimed by appellees. All of the agreements in relation thereto were oral. We must uphold the judgment of the chancellor on this point.

Another ground relied on for recovery is that Green furnished money to pay the Murrell notes. This is admitted. It is also admitted that the notes were found in his papers after his death. The business between Mr. Green and appellant was loosely conducted. The notes were secured by a lien on the lot which had been purchased by appellant from Mrs. Murrell. This lien was extinguished by a deed of release placed on record in the office of the county court clerk, and it was in the possession of appellant at the time of the death of Green. She executed the mortgage above mentioned. No one knows to a certainty whether these notes were paid, and again omitting the evidence of appellant, which is direct and certain, that she did pay the notes, and considering alone the other evidence and circumstances, we find that we

should not disturb the judgment of the chancellor on this point.

Taking up now the transactions relating to the erection of the house in Arcadia subdivision, we find the same uncertainty surrounding the entire transactions. Appellant denied, in her answer, that the contract price was as claimed by appellees in their petition; but the answer admitted that the contract price was $4,400. She undertakes to show that she paid this sum, and it is admitted that she obtained a loan of $3,000, and that the proceeds of that loan were applied to the payment of the contract price for the erection of this house. She attempts to prove that the balance due after applying the proceeds of the loan to the payment of this indebtedness was paid by her in cash which she obtained in part from the sale of property which she owned in Mayfield, and in part from her mother as a loan. Now assuming that her evidence is competent without deciding it, supported as it is by the evidence of her mother, yet there were circumstances and testimony which tended to show that she was indebted to Mr. Green at the time of his death in the sum of about $1,500. One or two witnesses testified that appellant admitted that she had or was going to sell the Twenty-First and Clark street property to Mr. Green, and that he was going to allow her a credit in the sum of $1,500, on her indebtedness to him for the erection of the house in Arcadia subdivision. Just prior to his death it is testified that he sent a messenger to appellant advising her of his illness and that he would settle with her as soon as he was better. The chancellor found that she had not paid the balance due on the house in Arcadia subdivision after applying on the contract price the proceeds of the loan. Accordingly, he entered judgment in favor of appellees for $1,570, and decreed a sale of the property to satisfy the judgment. Again we are not prepared to say that the weight of the evidence is against the conclusions reached by the chancellor.

There is a cross-appeal, and we have considered all the questions raised on that appeal, looking at the whole case from any angle, there is nothing to be determined except the facts as established by the evidence. We mean to say that it is unnecessary to determine anything else because treating as incompetent the evidence of appellant as it relates to the Twenty-First and Clark street property and the payment of the ten notes, and as competent in so far as it relates to the payment of the bal-

ance due on the property in Arcadia subdivision, we are of the opinion that the chancellor reached a conclusion as nearly correct as it would be possible for us to reach. The case was a hard one to practice, and able counsel on both sides did all that was allowable under the law, and they are blameless for the uncertainty of the proof in the record. Facts unknown to witnesses, and unsupported by documentary evidence, cannot well be brought into a record so that they may be considered by a court of equity. If the estate of Mr. Green has lost money as the result of this litigation, the fault was his, in that his business methods brought it about; and if appellant has lost money, she has no one but herself to blame, as it is attributable likewise to her method of transacting business with Mr. Green.

Judgment affirmed, on both the original and cross appeals.